DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Debbie Christie | ) | |
| | ) | CASE NO. 5:06 CV 1430 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| Alliance Imaging, Inc. | ) | |
| | ) | (Resolving Doc. No. 36) |
| Defendant. | ) | |
| | ) | |

Before the Court is plaintiff's motion to compel certain discovery responses or, in the alternative, to exclude (Doc. No. 36) and defendant's memorandum in opposition (Doc. No. 39).  For the reasons discussed below, the motion to compel is denied.

## I. BACKGROUND

Plaintiff filed a Complaint alleging, *inter alia*, sex discrimination for failure to promote, quid pro quo sexual harassment and favoritism, retaliation, and wrongful constructive discharge on the part of the defendant.  Plaintiff's action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § § 2000e *et seq*. and Ohio Rev. Code Chapter 4112.  On October 12, 2005, plaintiff filed a written complaint with defendant and then met with defendant to discuss the alleged sexual discrimination and quid pro quo harassment.  (2nd Am. Compl. ¶ 78.)  In October and November of 2005, Jennifer Keeney of defendant's Human Resources Department conducted an investigation into plaintiff's discrimination and quid pro quo claims.  (Def.'s Mem. in Opp'n to Pl.'s Mot. to Compel. 2)

After the initiation of the current lawsuit, defendant provided plaintiff with more than

(5:06CV1430)

seven hundred pages of documents concerning its investigation into plaintiff's complaints. (Keeney Aff. ¶ 7.)  However, defendant has withheld fifteen documents it claims are protected by attorney-client privilege and that relate to the investigation.  Those documents consist of emails which were carbon or blind copied to defendant's in-house counsel, but were not addressed primarily to them.  Plaintiff seeks the production of those emails, as well as the production of any withheld documents "which may be privileged but which discuss..any of defendant's underlying investigation(s) into any of" plaintiff's complaints.  (Reply in Supp. of Pl.'s Mot. to Compel 6.)  Plaintiff argues that if such documents are not produced, defendant should be barred "from using its investigation(s) as part of its defense" and "any evidence...submitted by defendant that it acted promptly"should be excluded.  (Reply in Supp. of Pl's Mot. to Compel 6.)  Defendant argues that it does not intend to use any of the privileged documents as evidence in the instant case and should not be compelled to produce them.

## II. DISCUSSION

Plaintiff argues that unless defendant is willing to stipulate that it will not use any of its underlying investigations as part of its defense, it should be compelled to disclose any withheld documents, regardless of privilege, which discuss any part of an investigation into plaintiff's complaints.  To support her contention, plaintiff cites several cases in which defendants waived attorney-client privilege by placing the reasonableness or adequacy of their investigations at issue after using them as part of their defense.

This Court, however, finds that the defendant has adequately distinguished the instant

(5:06CV1430)

case from those cases cited by plaintiff. In the majority of the cases cited by plaintiff, the defendant-employers hired outside counsel, or relied on in-house counsel, to conduct their investigations. In those cases, attorney advice to the employer-client was inextricably linked to the investigations and to any decisions made by the employer-client with regard to its complaining employee. In such cases, to cloak an entire investigation, or even a significant portion of one, with the attorney-client privilege and expect to be able to use its adequacy as a defense would be absurd. However, in the instant case, defendant did not utilize counsel to conduct its investigation. Defendant's investigation was conducted by a member of its Human Resources Department, who, upon occasion consulted with in-house counsel for legal advice. Defendant's "attorneys did not make any of the employment decisions involved in this case." (Keeney Aff. ¶ 8.)

As defendant has produced over seven hundred pages of notes, e-mail communications, statements from witnesses, and documentation regarding its investigation of plaintiff's original complaint, and all together has produced over three thousand pages of documents in response to plaintiff's document requests, this Court finds that a fact finder will have adequate evidence from which to determine the reasonableness of defendant's investigation if it is called into question. The instant case is not one in which the defendant is attempting to say "we did a great investigation, but aren't going to tell you about it at all, just trust us." (Pl.'s Mot. to Compel 5.)

With the understanding that the defendant may not use the withheld documents in any manner at trial, or in support of any motion for summary judgment, defendant is not compelled

3

(5:06CV1430)

to produce them and has not waived its ability to use the internal investigation as part of its defense.[1]

### III. CONCLUSION

For the reasons discussed herein, plaintiff's motion to compel certain discovery responses or, in the alternative, to exclude (Doc. No. 36) is denied.

IT IS SO ORDERED.

| _July 3, 2007_ | _S/ David D. Dowd, Jr._ |
|---|---|
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |

---

[1] As to plaintiff's request for "responsive electronic evidence," the parties should continue to work together to reach an agreement. If such agreement cannot be reached the parties are to refer to the default standard for discovery of electronically stored information for the Northern District of Ohio. See, Local Rules (Civil) of the Northern District of Ohio, App. K.

4